**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA CONCEPCION, | No. C-10-CV-00401 EDL |
| Plaintiff, | **ORDER ON MOTION FOR ATTORNEYS' FEES** |
| v. | |
| WORLD SAVINGS FINANCIAL, FSB, nka WACHOVIA FINANCIAL SERVICES, INC.; WACHOVIA FINANCIAL SERVICES, INC., A WELLS FARGO COMPANY; WELLS FARGO N.A., et al. | |
| Defendants. | |

## I.   BACKGROUND

On March 8, 2010, this Court dismissed this case without prejudice, based on Plaintiff's failure to respond to an order to show cause why the complaint should not be dismissed for failure to prosecute or why Defendants' motion to dismiss and motion to strike should not be granted as unopposed.  Plaintiff did not make any attempt to resurrect the case following dismissal.  Defendants then moved for attorneys' fees incurred in connection with this action pursuant to the underlying mortgage agreement documents.  Plaintiff's attorney failed to timely oppose the fee motion, but just before the initial hearing filed a "motion for additional time" which the Court granted due to Plaintiff's counsel's compelling personal circumstances.  The Court continued the motion hearing by six weeks and allowed an additional three weeks for Plaintiff's opposition as Plaintiff'S counsel requested.  Despite this generous extension, no additional papers were timely filed, and the Court issued an Order to Show Cause why Plaintiff's attorney should not be sanctioned and referred to the

**United States District Court**
For the Northern District of California

1   Court's Standing Committee on Professional Conduct, and required a response by June 14, 2010.

2   Plaintiff's counsel filed an untimely response to the fee motion and to the order to show cause on

3   June 15, 2010, the date of the continued hearing.

4   **II.     ANALYSIS**

5   **A.     Procedural Issues**

6   Pursuant to Local Rule 54-5, a motion for attorney's fees must be supported by a declaration

7   stating that "counsel have met and conferred for the purpose of attempting to resolve any disputes

8   with respect to the motion or a statement that no conference was held, with certification that the

9   applying attorney made a good faith effort to arrange such a conference."  Neither Defendants'

10  Motion or the Declaration of Mark T. Flewelling ("Flewelling Decl.") in Support make any such

11  statement and the motion is technically procedurally deficient on this basis.

12  In addition to Defendants' procedural deficiency, Plaintiff did not timely file an opposition to

13  the motion as required under Local Rule 7-3 despite being given significant additional time in which

14  to file.  However, the Court has considered Plaintiff's counsel's late filed opposition and given

15  Defendants' counsel an opportunity to respond during oral argument.

16  The Court concludes that neither of these procedural deficiencies are dispositive.

17  **B.     Substantive Analysis**

18  Defendants rely on two provisions in the loan documents at issue in the Complaint to justify

19  their request for all of their fees incurred in connection with this action.[1]  Specifically, the

20  Adjustable Rate Mortgage Note signed by Plaintiff provides:

21          **(E)     Payment of Lender's Costs and Expenses**
            The Lender will have the right to be paid back by me for all of its costs and
22          expenses in enforcing this Note to the extent not prohibited by applicable law.
            Those expenses may include, for example, reasonable attorneys' fees and court
23

24          [1] In connection with this motion, Defendants have filed a Request for Judicial Notice. The Court
25  may take judicial notice of documents referred to by the complaint if they are authentic and central to
    plaintiff's claim. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).  Here, the central focus of
26  Plaintiff's complaint relates to a "loan," but the complaint does not attach documents or otherwise
    specify the "loan" in question. Defendants' Request for Judicial Notice attaches an Adjustable Rate
    Mortgage Note signed by Plaintiff. See RJN Ex. A. Plaintiff does not contest the authenticity of this
27  document, and the Court may take judicial notice of it. The Court may also take judicial notice of the
    Deed of Trust attached as Exhibit B, which was executed by the parties and publicly recorded in the
28  records of the Office of Contra Costa County Recorder on December 15, 2005, and is also implicitly
    referenced in the Complaint. See RJN Ex. B.

2

1   costs.

2

3   RJN Ex. A at 4.  Additionally, the Deed of Trust signed by Plaintiff provides:

**7.       Lender's Right To Protect Its Rights In The Property:**

4   If . . . someone, including me, begins a legal proceeding that may significantly
    affect the Lenders' interest in the Property, . . . then Lender may do and pay for

5   whatever it deems reasonable or appropriate to protect the Lender's rights in the
    Property.  Lender's actions may include, without limitation, appearing in court,

6   paying reasonable attorneys' fees . . . Lender must give me notice before Lender
    may take any of these actions.

7

8   RJN Ex. B at ¶ 7.

9       California law governs Defendants' right to recover fees pursuant to an underlying contract.

10  See Berkla v. Corel Corp., 302 F.3d 909, 919 n.11 (9th Cir. 2002).  California Civil Code § 1717

11  states:

12      (a) In any action on a contract, where the contract specifically provides that
        attorney's fees and costs, which are incurred to enforce that contract, shall be

13      awarded either to one of the parties or to the prevailing party, then the party who
        is determined to be the party prevailing on the contract, whether he or she is the

14      party specified in the contract or not, shall be entitled to reasonable attorney's fees
        in addition to other costs.

15      . . .

16      Reasonable attorney's fees shall be fixed by the court, and shall be an element of
        the costs of suit.

17      . . .

18      (b)(1) The court, upon notice and motion by a party, shall determine who is the

19      party prevailing on the contract for purposes of this section, whether or not the
        suit proceeds to final judgment. Except as provided in paragraph (2), the party

20      prevailing on the contract shall be the party who recovered a greater relief in the
        action on the contract. The court may also determine that there is no party

21      prevailing on the contract for purposes of this section.

22      Defendants contend that, although the Complaint was dismissed without prejudice (and

23  without consideration of the merits of the dispute), they are the prevailing party on a "practical

24  level" and therefore entitled to fees relating to the contracts in question.  See Donner Mgt. Co. v.

25  Schaffer, 142 Cal. App. 4th 1296, 1310 (2006) (noting that, in the absence of legislative directive in

26  attorneys fees statute, "practical level" standard has been applied to determine prevailing party in

27  cases dismissed without prejudice).  Defendants also contend that, because the Adjustable Rate

28  Mortgage Note allows for fees "in enforcing this Note," they are also entitled to fees incurred in

3

**United States District Court**
For the Northern District of California

1  defending themselves against Plaintiff's interrelated allegations of fraud.  <u>See</u> Compl. ¶¶ 43-44.  In

2  support of their motion, Defendants attach an attorney declaration as well time records for Mr.

3  Flewelling and other members of his firm who worked on this matter as of March 16, 2010 detailing

4  the number of hours billed, the nature of the services rendered, and the hourly rate and qualifications

5  of each attorney and paralegal who worked on the matter since it was filed.

6        On June 15, 2010, Plaintiff's counsel belatedly filed an opposition briefly arguing that the

7  action was not one to "enforce the Note" as contemplated by paragraph 7(E) of the Note, and that

8  paragraph 7 of the Deed of Trust is also inapplicable because the action does not purport to affect

9  Defendants' interest in the property.  Finally, Plaintiff argues that the Court should not deem

10  Defendants to be prevailing because the action was dismissed without prejudice based on Plaintiff's

11  lack of desire to continue the case, not on the merits.

12        Under the unusual circumstances of this case, the Court in its discretion does not consider

13  Defendants to be the prevailing party, even on a practical level, because there was no decision on the

14  merits and the case was dismissed without prejudice due apparently to Plaintiff's attorney's failure

15  to diligently prosecute the case.  <u>Donner</u> is distinguishable because there the discretionary decision

16  to find one side the prevailing party following a dismissal was based on the fact that the dismissal

17  was "compelled" by a special litigation committee's decision that it was not in the best interests of

18  the plaintiff corporation to continue the lawsuit, and therefore the lawsuit ended "based on the

19  existence of a complete defense."  <u>Donner</u>, 142 Cal. App. 4th at 1311.  No such circumstances are

20  present here, and in fact Plaintiff would be free to re-file her complaint because it was dismissed

21  without prejudice.  Secondarily, the Court finds that there are serious questions with respect to the

22  applicability of the provisions of the loan agreement documents cited by Defendants, but does not

23  rely on these questions for its decision in this case.

24  **IT IS SO ORDERED.**

25

26  Dated: June 15, 2010

                             ELIZABETH D. LAPORTE

27                               United States Magistrate Judge

28

4

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28